WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy S. Berent,<br><br>    Plaintiff,<br><br>v.<br><br>City of Surprise, et al.,<br><br>    Defendants. | No. CV-25-02870-PHX-MTL<br><br>**ORDER** |

## I. BACKGROUND

From what the Court can gather, this case centers around vehicles parked in front of a fire hydrant. (Doc. 1 at 2, 4.) On August 8, 2025, Plaintiff Nancy Berent filed her Complaint, alleging that "Defendants conspired to fraudulently obscure the fire hydrant easement" on her property and that the City of Surprise "failed to cite, arrest, or remove vehicles and construction blocking access to the fire hydrant." (*Id.*) Ms. Berent states that she reported the alleged fraud to authorities. (*Id.* ¶ 7.) The Complaint further alleges, without much explanation, events that occurred in other proceedings or in response to her reports to various authorities. (*Id.* ¶¶ 7-10.) For example, the Complaint asserts, "[a] Superior Court judge who had been removed from the case later signed an illegal judgment for legal fees, and multiple ripe motions have been ignored by clerks and judges in violation of Rule 91(e)." Ms. Berent names the following defendants:

  - City of Surprise and its Police Department
  - Maricopa County Sheriff's Office (MCSO)

- Farmers Insurance and its legal representatives
- Debra Brockway, attorney
- Jeff Fine, Clerk of Maricopa Superior Court
- Vision Management and HOA board members
- Unnamed judges and clerks of the Maricopa Superior Court and Court of Appeals

(*Id.* ¶ 4.) The Complaint (Doc. 1) includes the following claims, exactly as shown:

> COUNT I – Violation of Civil Rights under 42 U.S.C. § 1983
> COUNT II – Fraud Upon the Court and Extrinsic Fraud
> COUNT III – Judicial Misconduct and Due Process Violations
> COUNT IV – Disability Discrimination and Denial of Access to Justice
> COUNT V – Bivens Action for Federal Civil Rights Violations
> COUNT VI – Fraudulent Adverse Possession of Public Utility Easement
> COUNT VII – Clerk and Judicial Violations of Rule 60(b), Rule 73, and Rule 91(e)

(Doc. 1 at 3.)

Since filing her Complaint (Doc. 1), Ms. Berent has filed a litany of motions, notices, and supplements. (Docs. 2, 7-8, 10- 12, 16- 19, 22-32.) Most are incomprehensible or demonstrate a misunderstanding of the litigation process. For example, Ms. Berent has filed numerous notices which contain nothing but attached exhibits. (Docs. 26-27, 30-32.)

The Court now addresses the pending motions in this case and screens Ms. Berent's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2).

## II.     APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Ms. Berent's application indicates that she has insufficient funds to prepay the filing fee for this action. Accordingly, the Court will grant the application (Doc. 6).

## III.    MOTION TO APPOINT GUARDIAN AND COUNSEL

In two substantially identical motions, Ms. Berent moves the Court to appoint a guardian ad litem or counsel. (Doc. 2, 24.)

### A.     Guardian Ad Litem

With respect to the appointment of a guardian ad litem, Federal Rule of Civil Procedure 17(c) provides that "[t]he court must appoint a guardian ad litem . . . to protect

a minor or incompetent person who is unrepresented in an action." A district court must make a competency determination where "a question clearly exist[s] whether [the plaintiff] was competent and could adequately protect himself." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). "[A] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected." *Id.*

A finding of incompetence is not made lightly. A court's finding of incompetency entails significant consequences because it deprives a party of the ability to control their own case. *See 30.64 Acres of Land*, 795 F.2d at 805 (explaining that "the appointment of a guardian ad litem is more than a mere formalism" because "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation.").

The Court finds that the record does not support the appointment of a guardian ad litem. Courts conduct competency determinations "when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *see also 30.64 Acres of Land*, 795 F.2d at 805 (directing a district court to evaluate the plaintiff's competency because "his claim [of incompetency] was made credible by official documentation"). For example, the Ninth Circuit held that a district court had to assess a plaintiff's competence because the plaintiff submitted declarations stating he "is mentally ill and does not understand the court's instructions," along with "a letter from [a] psychiatrist . . . stat[ing] that [the plaintiff] is under his care, diagnosed with Chronic Undifferentiated Schizophrenia, and is taking two psychotropic medications." *Allen*, 408 F.3d 1150, 1152 (9th Cir. 2005). Such evidence is lacking here. In her motions, Ms. Berent states that she is legally blind, cognitively impaired, and has limited mobility. (Docs. 2 at 1; 24 at 2.) Without explaining more about how her physical limitations affect Ms. Berent's ability to proceed beyond the stress she feels because of the litigation process, only cognitive impairment would affect her ability to comprehend the proceedings before her. Ms. Berent provides no detail concerning what cognitive impairment she suffers from or

how it would affect her competency as a litigant. The record does not supply enough for the Court to conclude that Ms. Berent is incompetent, so the Court will not appoint a guardian ad litem.[1]

### B. Counsel

Ms. Berent also moves the Court to appoint counsel. (Docs. 2, 24.) There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. Of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). But in proceedings *in forma pauperis*, the Court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether exceptional circumstances exist, the Court evaluates the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims *pro se* in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive to articulate [a plaintiff's] claims *pro se* in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court finds no exceptional circumstances here. In this instance, as set forth below, the Court does not find a likelihood of success on the merits of Ms. Berent's claims. Moreover, Ms. Berent's claims concern a fire hydrant easement on her property and Ms. Berent's requests for authorities to enforce that easement. (Doc. 1 ¶¶ 5-6.) They do not present complex legal issues.

Ms. Berent asserts that she has already conducted "extensive outreach." (Docs. 2 at 1.) Several attorneys have declined to represent her. (*Id.*) This Court will not undertake the responsibility of soliciting counsel for Ms. Berent. First, Ms. Berent's stated reason—that lawyers do not want to engage in her lawsuit—applies equally to any lawyer contacted by

---

[1] Ms. Berent also requests reasonable accommodations pursuant to the Americans with Disabilities Act, Title II. (Doc. 2 at 2; Doc. 24 at 2.) She has not brought any fact to the attention of the Court indicating that the Court does not already provide accommodations compliant with the ADA. The Court therefore denies this request.

the Court at this juncture. Even more importantly, the Court refuses to be put in a compromising position where a lawyer may feel intimidated or even coerced into taking on pro bono representation because of a district judge's request. Ms. Berent's inability to secure counsel may indicate that there is something unmarketable about her case. The Court expresses no opinion about this final point, yet it underscores the principle that a lawyer cannot be compelled to represent a client. Accordingly, this case does not present "exceptional circumstances" that would persuade the Court to appoint counsel for Ms. Berent. The two motions for appointment of a guardian ad litem and pro bono counsel (Docs. 2, 24) will be denied.

## IV.     SCREENING PER 28 U.S.C. § 1915(e)(2)

The Court may screen complaints brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must dismiss an action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

### A.     Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Further, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id* (citation modified). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be

consistent with a claim, a court must assess whether there are other "more likely" explanations for a defendant's conduct. *Id.* at 681.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (directing courts to "continue to construe *pro se* filings liberally"). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**B.     Parties**

To begin with, Ms. Berent brings claims against entities and individuals who may not be sued. The Complaint names, among other defendants, the City of Surprise Police Department, Maricopa County Sheriff's Office, a former Clerk of Maricopa Superior Court, and unnamed judges and clerks. (Doc. 1 ¶ 4.)

Under Arizona law, a plaintiff may sue a government entity only if the state legislature has granted that entity the power to sue or be sued. *See Yamamoto v. Santa Cruz Cnty. Bd. of Supervisors*, 124 Ariz. 538, 539 (App. 1979) (finding Arizona Superior Court cannot be sued). The Arizona Court of Appeals held that claims against the Maricopa County Sherriff's Office must be dismissed because it is not a jural entity as no Arizona statute confers on it the ability to sue or be sued. *Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 487 (App. 2010). Because neither the Maricopa County Sheriff's Department nor the City of Surprise Police Department are jural entities, the Court must dismiss Ms. Berent's claims against these entities with prejudice.

Ms. Berent may not sue judicial officers either. Judicial officers, including judges and clerks of court, are entitled to absolute judicial immunity from suits for damages brought based on a "judicial act," such as those acts "involved in resolving disputes between parties." *Forrester v. White*, 484 U.S. 219, 225-27 (1988). Accordingly, Ms.

Berent's claims against the former Clerk of Maricopa Superior Court and unnamed judges and clerks must be dismissed with prejudice.[2]

Moreover, Ms. Berent raises no particularized factual allegations against Defendant Farmers Insurance, and thus she provides no notice to Farmers Insurance of her claims against it. To the extent Ms. Berent alleges conduct as to all Defendants collectively, such group pleading fails to comply with Rule 8(a)(2) because it does not give fair notice of the claims against each Defendant with the requisite specificity. *Riehle v. Bank of Am., N.A.*, No. CV-12-0051-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013). As a result, the Court must dismiss Ms. Berent's claims against Defendant Farmers Insurance.

**C.     Claims**

Ms. Berent's allegations appear to center around an easement for a fire hydrant on her property. (Doc. 1 ¶ 5.) Ms. Berent alleges that "Defendants conspired to fraudulently obscure the fire hydrant easement," and that when Ms. Berent attempted to report the fraud to authorities, she "was met with harassment, obstruction, and selective enforcement by City of Surprise officials and police officers." (*Id.* ¶ 6.) The "Supplemental Notice of Related Cases and Bivens Pattern Allegations" included in Ms. Berent's Complaint states, "[t]he City [of Surprise] and its agents . . . failed to cite, arrest, or remove vehicles and construction blocking access to a fire hydrant and easement area." (*Id.* at 4.) Ms. Berent alleges all defendants violated her civil rights under 42 U.S.C. § 1983, committed fraud, engaged in judicial misconduct, violated due process, discriminated against her because of her disability, fraudulently adversely possessed a public utility easement, and violated "Rule 60(b), Rule 73, and Rule 91(e)." (Doc. 1 at 3.)

Again, Ms. Berent must allege conduct specific to each defendant in order to provide adequate notice of the claims brought against them. *Riehle*, 2013 WL 1694442, at *2. The remaining defendants are City of Surprise, Debra Brockway, Vision Management, and

---

[2] Ms. Berent may not sue unnamed defendants in federal court, regardless of whether the defendants are judicial officer. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citation omitted) (observing that "[t]here is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties"). Ms. Berent is admonished that the Court will not entertain claims against unnamed defendants to the extent that they are included in any amended complaint.

- 7 -

HOA board members. (Doc. 1 ¶ 4.) Ms. Berent does not raise particular enough allegations as to any of them.

With respect to the City of Surprise, Ms. Berent alleges that when she reported perceived fraud, she "was met with harassment, obstruction, and selective enforcement by City of Surprise officials and police officers." (*Id.* ¶ 7.) Ms. Berent provides almost no detail elucidating how the city harassed her or otherwise violated the law. She explains only that the city "refused to cite, tow, or prosecute the offending parties." (*Id.*) Claims seeking to compel a city's enforcement of a law against a third party cannot be sustained because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 761 (2005) (holding Petitioner was not entitled to police officers' enforcement of a restraining order despite a state statute providing that the police "shall use every reasonable means to enforce a restraining order"). Ms. Berent does not adequately plead particularized facts that state a claim for relief against the City of Surprise. The Court must dismiss Defendant City of Surprise.

As for Debra Brockway, Ms. Berent alleges, "[a]n unauthorized arbitration proceeding was fraudulently initiated by Ms. Brockway with a retired judge who had no written agreement or jurisdiction, in violation of Rule 73 and Plaintiff's objections made prior to any pre-hearing." (Doc. 1 ¶ 8). It is unclear what facts and claims Ms. Berent is attempting to assert. The Court cannot determine who Ms. Brockway is or what proceeding Ms. Berent is referring to. By "Rule 73," the Court assumes that Ms. Berent is referring to Federal Rule of Civil Procedure 73, which provides that parties can consent to proceed under a magistrate judge. The Complaint provides no information concerning what proceeding took place under a magistrate judge. It is even less clear who Ms. Brockway is. Ms. Berent alleges that Ms. Brockway is an attorney who initiated the arbitration proceeding; that is all. (Doc. 1 ¶ 4.) Although the Court construes Ms. Berent's Complaint liberally, as it must, the Court will not and indeed cannot assume facts not plead in the Complaint. The Court cannot ascertain the facts Ms. Berent alleges against Ms. Brockway,

let alone how those facts fit into Ms. Berent's legal theories. The Court will dismiss all claims against Defendant Debra Brockway.

The last remaining named defendants are Vision Management and board members of a homeowners' association. (*Id.*) Again, Ms. Berent does not plead enough detail indicating what these defendants are or their relation to Ms. Berent, such as *which* HOA she is suing. The only allegation that specifically mentions Vision Management and the HOA states that the easement on her property is "protected by HOA CCRs and Vision Management guidelines prohibiting any rezoning or obstruction." (*Id.*) This does not come close to providing sufficient notice to these defendants about the claims asserted against them and what misconduct they allegedly engaged in. The Court will dismiss all claims against Defendants Vision Management and the board members of the HOA.

In sum, Ms. Berent fails to sufficiently state any claim in her Complaint against any defendant. The Court will dismiss, with prejudice, all of Ms. Berent's claims against the City of Surprise Police Department, the Maricopa County Sheriff's Office, Jeff Fine (Clerk of Maricopa Superior Court), and unnamed judges and clerks. As for the balance of the claims, if defects in a complaint can be cured, a plaintiff is entitled to amend the complaint before her claims are dismissed. *Lopez*, 203 F.3d at 1130. Accordingly, Ms. Berent may file an amended complaint as to the balance of the claims if she can cure the defects identified in this order. Leave to serve any amended complaint will not be granted until the Court screens the amended pleading pursuant to 28 U.S.C. § 1915(e)(2).

V.    **MISCELLANEOUS MOTIONS**

There are numerous additional pending motions on the docket. The Court will deny all of them.

First, as part of her Application to Proceed In Forma Pauperis, Ms. Berent included a Motion to Reassign Case as Related Case. (Doc. 6.) Ms. Berent the transfer of this case to United States District Court Judge G. Murray Snow. (*Id.*) The Court is permitted to transfer this case to another judge within this district pursuant to 28 U.S.C. § 1404(b). "[A] district court has broad discretion to adjudicate motions for transfer on a case-by-case

basis." *Green Aire for Air Conditioning W.L.L. v. Salem*, No. 1:18-CV-00873-NONE-SKO, 2020 WL 4734909, at *3 (E.D. Cal. Aug. 14, 2020) (citation omitted). "When considering a motion to transfer within a federal district under § 1404(b), courts analyze the same factors as for a transfer between districts under § 1404(a)." *Harbord v. Washington*, No. 3:24-CV-06061-DGE, 2025 WL 553198 (W.D. Wash. Feb. 19, 2025). Considerations include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The Court finds that transferring this case is inappropriate. Ms. Berent's only stated reason for transferring the case is that Judge Snow has presided over Section 1983 actions, and that this case is related to *Melendres, et al. v. Arpaio, et al.*, case number 2:07-CV-02513-GMS, D. Ariz. (Doc. 6 at 1.) The fact that Judge Snow has heard Section 1983 actions is not a basis for transferring this case. Moreover, the case cited by Ms. Berent is not related. That case involves claims concerning the enforcement of federal immigration laws against Hispanic persons. Compl., *Melendres, et al. v. Arpaio, et al.*, No. 2:07-CV-02513, D. Ariz., Doc. 1 (Dec. 12, 2007). The Court will deny Ms. Berent's Motion to Reassign Case as Related Case (Doc. 6).

A Motion for Service by U.S. Marshals is also included in Ms. Berent's to Proceed *In Forma Pauperis*. (*Id.*) Ms. Berent requests service by the U.S. Marshals Service. (*Id.* at 2.) The motion will be denied, since Ms. Berent's complaint (Doc. 1) will be dismissed, and service of any amended complaint will be barred pending the Court's screening.

The third and final motion included in the Application to Proceed *In Forma Pauperis* is a Motion for Order Requiring Defendants to Post Bond to Secure Judgment. (Doc. 6.) Although Ms. Berent cites Federal Rule of Civil Procedure 64, which authorizes

the Court to provide remedies to "secure satisfaction of the potential judgment," she cites no authority demonstrating that the imposition of a bond requirement is appropriate here. The motion (Doc. 6) will be denied.

Ms. Berent also filed a Supplemental Motion Regarding Clerical Negligence in Maricopa Superior Court (Doc. 10). It does not request any relief, as required by Local Rule of Civil Procedure 7.1. The Court will deny the motion (Doc. 10).

Also pending before the Court is Ms. Berent's Emergency Motion for Writ of Mandamus and Request for Relief (Doc. 22). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for Northern Dis. Of Cal.*, 426 U.S. 394, 402 (1976). "[I]ssuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Id.* at 403. "[T]he party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires" and the party must "satisfy the burden of showing that (his) right to issuance of the writ is clear and indisputable." *Id.* (citations and quotation marks omitted). Neither of these conditions is satisfied here. Ms. Berent has not exhausted other means of attaining the relief requested, namely the means prescribed in Federal Rules of Civil Procedure 12, 55, 56, and 65. Moreover, it is not "clear and indisputable" that Ms. Berent is entitled to relief, as illustrated by the Court's above screening of Ms. Berent's Complaint. The Court will deny the motion (Doc. 22).

Ms. Berent filed a Motion for Reconsideration (Doc. 23) requesting that the Court revisit its order denying her Motion for Copy of Every Document (Doc. 20). Local Rule of Civil Procedure 7.2(g) states that motions for reconsideration will ordinarily be denied without "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." This is a high standard that places the burden on the movant. *See Lerner & Rowe PC v. Brown Engstrand & Shelly LLC*, 684 F. Supp. 3d 953, 955 (D. Ariz. 2023). Ms. Berent simply restates that she would like a copy of every document. (Doc. 23.) The Court will deny this motion (*id.*) for the same reason it denied Ms. Berent's Motion for Copy of Every

Document (Doc. 20). As the Court stated in its prior order, a motion is not the manner in which copies of court filings are obtained. (Doc. 20). Ms. Berent must direct any requests for copies of filings to the Clerk of Court. (*Id.*)

The last pending motion on the docket is Ms. Berent's Motion to Seal. (Doc. 28.) It requests that the Court seal certain lodged exhibits (Doc. 29). Rule 5.6(b) of the Local Rules of Civil Procedure states any motion to seal "must set forth a clear statement of the facts and legal authorities justifying" the motion. Ms. Berent does not provide any legal authority to support her request. Moreover, the motion states that the purpose of sealing the lodged documents are to avoid the publication of "private medical information." (Doc. 28 at 3.) There is no medical information in the lodged documents. (Doc. 29.) The motion (Doc. 28) will be denied.

## VI. NOTICES AND SUPPLEMENTS

Ms. Berent has filed several unauthorized notices (Docs. 7, 16, 18, 19, 26-27, 30-32.) and two supplements to motions (Docs. 11, 25). With respect to the notices, they do not fall within the limited categories of notices authorized or required to be filed by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(d), 5.1, 6(c), 30, 31, 41, 44.1, 45, 62.1, 67, 68, 71.1; LRCiv 1.1(b), 3.1(c), 3.6, 3.7(a)(2), 5.2, 5.6(d), 15.1(b), 40.2, 67.1, 77.4, 83.3(b), 83.3(d), 83.3(f). Nor do the notices request relief such that they could be construed as motions. *See* LRCiv 7.1, 7.2. Filing of these notices risks legitimate filings that request relief being overlooked and wastes time and resources. These notices will therefore be stricken.

Ms. Berent filed two supplements to motions (Docs. 11, 25), neither of which was authorized by the Court. Courts will strike uninvited supplemental filings. *See Optinrealbig.com, LLC v. Ironport Systems, Inc.*, 323 F. Supp. 2d 1037, 1038-39 (N.D. Cal. 2004) (striking a supplemental brief filed without leave of the court). Ms. Berent's supplements (Docs. 11, 25) will be stricken because Ms. Berent unilaterally filed the supplements without requesting leave from the court.

Ms. Berent is admonished that neither the Rules nor common practice permit parties

to engage in serial filing. Future unauthorized filings will be stricken.

## VII. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. 6) is **GRANTED**. Plaintiff may proceed without prepayment of costs or fees or the necessity of giving security therefor.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Appoint Guardian Ad Litem or Pro Bono Counsel (Docs. 2, 24) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reassign Case as Related Case (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service by U.S. Marshals (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Requiring Defendants to Post Bond to Secure Judgment (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Motion Regarding Clerical Negligence in Maricopa Superior Court (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Writ of Mandamus (Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal (Doc. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that the lodged Exhibits to Motion to Appoint Guardian (Doc. 29) is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiff's notices (Docs. 7, 16, 18, 19, 26, 27, 30, 31, 32) are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiff's supplements (Docs. 11, 25) are **STRICKEN** from the record.

1    **IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) for failure to state a claim. Claims against Defendants the City of Surprise Police Department, the Maricopa County Sheriff's Department, Jeff Fine, and unnamed judges and clerks are dismissed with prejudice.

**IT IS FURTHER ORDERED** that, by January 5, 2026, Plaintiff may file an amended complaint as to the balance of her claims, if she can cure the defects identified in this order.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely file an amended complaint, the Clerk of Court shall dismiss this action without further notice.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, it may not be served unless and until the court screens the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 5th day of December, 2025.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge