**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy S Berent,<br><br>          Plaintiff,<br><br>v.<br><br>City of Surprise, et al.,<br><br>          Defendants. | No. CV-25-02870-PHX-MTL<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Reconsideration (Doc. 40) and Plaintiff's Amended Complaint (Doc. 41).

## I.    MOTION FOR RECONSIDERATION

### A.    Background

Plaintiff filed a Motion for Reconsideration (Doc. 40), moving the Court to reconsider and vacate its prior Order (Doc. 39). On December 5, 2025, the Court dismissed Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 33.) On December 15, 2025, the Court struck numerous notices filed by Plaintiff and extended the deadline for Plaintiff to file her Amended Complaint (Doc. 39.) On January 14, 2026, Plaintiff filed a Motion for Reconsideration (Doc. 40). The Motion asks the Court to reconsider its Order issued on December 15, 2026. (*Id.* at 1.) The Motion, however, states that it is challenging the Court's "[O]rder of Dismissal," and the Motion challenges the Court's analysis of her claims. (*Id.*) The Court will therefore analyze her Motion as asking the Court to reconsider the Court's Order dismissing her original Complaint (Doc. 33).

Plaintiff's Motion for Reconsideration is untimely. "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g). Whether Plaintiff's Motion is construed as challenging either of the Court's prior Orders, she filed it more than fourteen days after those Orders issued. The untimeliness of her Motion is grounds for its denial, but for the benefit of Plaintiff, the Court will consider her Motion as if it were timely filed.

## B.    Legal Standard

Motions for reconsideration are denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Motions for reconsideration should be granted in only rare circumstances, *Lerner & Rowe PC v. Brown Engstrand & Shelly LLC*, 684 F. Supp. 3d 953, 955 (D. Ariz. 2023), and they should not be used to present evidence for the first time when the evidence could have been raised earlier. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## C.    Discussion

Plaintiff moves to vacate the order dismissing her original Complaint based on "newly discovered evidence," "manifest errors of law in the prior Order," and "extraordinary circumstances." (Doc. 40 at 1-2.) The Court will deny the motion (Doc. 40).

### 1.    New Facts

Plaintiff makes no showing that the new facts she raises were previously undiscoverable through the exercise of reasonable diligence. The first piece of evidence is an April 26, 2017, email from former City Attorney Robert Wingo sent to the Surprise Police Chief, Fire Chief, and City Manager stating, "*Please do not respond further to this individual unless it goes through legal. She retained attorney's and filed a Notice of Claim last year and it is imperative that we not take some action… which would extend or waive the statute of limitations in the matter*." (Doc. 40 at 4 (emphasis in original).) Plaintiff maintains only that the "email chain [was] previously withheld from Plaintiff and this

Court" and that it was "actively suppressed." (*Id.* at 4, 8.) Plaintiff does not provide the Court with a copy of the email or the date that she discovered the email. Because Plaintiff has not shown that the email "was newly discovered or unknown to it" and that the moving party "could not with reasonable diligence have discovered and produced such evidence," the Court finds that the evidence is not a basis for reconsideration of its prior order. *Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985); *see* LRCiv 7.2(g).

The second set of facts Plaintiff raises is alleged misconduct relating to an arbitration hearing that took place in December 2022. (Doc. 40 at 5.) Again, Plaintiff provides almost no explanation as to how this information was previously undiscoverable. She relies on her statement that this information was "actively suppressed. (*Id.* at 8.) Her only elaboration is that documents showing clerical errors made by the Maricopa County Clerk's Office were "withheld . . . for over three years, releasing them in July 2025—*after* this federal case was dismissed." (*Id.* at 5-6.) But Plaintiff filed her complaint in August 2025, one month after she claims the documents were released to her. (Doc. 1.) Since Plaintiff does not adequately explain why the evidence was undiscoverable prior to filing this action, the Court finds that Plaintiff has failed to show that these facts are new, so they are not a basis for reconsideration. *See Wyle*, 764 F.2d at 609.

Plaintiff alleges that a third piece of evidence, the Maricopa County Sheriff's Office's Internal Affairs Report, is being unlawfully withheld. (Doc. 40 at 6.) A motion for reconsideration is an inappropriate vehicle to obtain facts from the Maricopa County Sheriff's Office. *Compare* LRCiv 7.2(g) *with* Fed. R. Civ. P. 26, 45. Rather, Plaintiff must *show* the Court new facts or legal authority pursuant to Local Rule of Civil Procedure 7.2(g). She has not done so here.

The final new fact raised by Plaintiff is that her homeowner's association management company sent a letter, "[w]ithin days of this Court's dismissal," that "cited a paint color that had been explicitly approved by the previous HOA management." (Doc. 40 at 7.) If Plaintiff believes she is entitled to relief based on events that occurred after the ruling, the appropriate course was to include that in her Amended Complaint (Doc. 41).

*See Hess v. Centurion Healthcare*, No. CV-22-01864-PHX-SPL, 2024 WL 4329673, at *2 (D. Ariz. Sept. 12, 2024) (finding that "arguments that events that occurred after [the motion at issue] entitle [plaintiff] to reconsideration . . . are improper" because "the proper recourse was to file a new Motion"). The management company's alleged conduct is not a basis for reconsideration. The Court therefore finds that Plaintiff presents no new facts entitling her to the Court's reconsideration of its order dismissing the Complaint (Doc. 1).

### 2.　　Manifest Error

Plaintiff argues that the Court's prior order contains manifest errors of law. (Doc. 40 at 9-11.) Plaintiff asserts that the Court failed to take into account certain legal standards that govern her claims. (*Id.*) But those legal standards were not the basis of the Court's prior order. Rather, the Court's dismissal of Plaintiff's Complaint was based on Federal Rule of Civil Procedure 8(a)(2), which requires a party to provide fair notice of the claims against each Defendant with requisite specificity. (Doc. 33 at 6-9.) *See Riehle v. Bank of Am., N.A.*, No. CV-12-0051-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013). The Court dismissed Defendants that were judicial officers and non-jural entities. (Doc. 33 at 6-7.) With respect to the remaining Defendants, the Court determined that Plaintiff "d[id] not raise particular enough allegations as to any of them." (*Id.* at 7-8.)

Plaintiff does not mention Rule of Civil Procedure 8(a)(2), so she has not shown that the Court has committed a "manifest error" in its interpretation or application of the law that the challenged ruling was based on. Moreover, the facts that Plaintiff relies upon to demonstrate the Court's purported manifest errors of law are the same facts that this Court has already determined do not constitute new evidence. (Doc. 40 at 9-11.) The Court finds that Plaintiff has not demonstrated a manifest error, so the Court will deny Plaintiffs' Motion for Reconsideration (Doc. 40). *See* LRCiv 7.2(g).

## II.　　SCREENING PER 28 U.S.C. § 1915(e)(2)

### A.　　Background

Pursuant to the Court's order dismissing Plaintiff's Complaint and directing Plaintiff to cure the identified deficiencies (Doc. 33), Plaintiff filed an Amended Complaint

(Doc. 41). From what the Court can discern, Plaintiff amended her Complaint to include an additional twenty-four defendants and fourteen claims. (*Id.*) Those defendants and claims were never raised in Plaintiff's first complaint. (Doc. 1.) In total, the Amended Complaint asserts thirty-one claims against thirty-one defendants.

### B.    Legal Standard

The Court may screen complaints brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must dismiss an action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Further, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id* (citation modified). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely" explanations for a defendant's conduct. *Id.* at 681.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (directing courts to

"continue to construe *pro se* filings liberally"). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

### C.    Discussion

The Court will dismiss newly raised claims and defendants unless they were asserted to cure the identified deficiencies in Plaintiff's original complaint. When a court grants leave to amend, a plaintiff may not add new causes of action beyond the scope of that leave. *See Cuaglotti v. City of Mesa*, No. CV-24-02970-PHX-SHD, 2025 WL 1918541, at *3 (D. Ariz. July 11, 2025) ("Courts in this circuit generally hold that when a court grants leave to amend with specified limitations, a plaintiff does not have the freedom to make amendments beyond the scope of that leave." (citation omitted)). When this Court granted leave to Plaintiff to file an amended complaint, it granted leave for Plaintiff to assert only "the balance of her claims" and only to the extent that "she [could] cure the defects identified in th[e] order." (Doc. 33 at 14.) This Court's order was not an invitation to add new claims or defendants. It allowed Plaintiff only to revise existing allegations and to correct the deficiencies identified in the Court's order.

Accordingly, the Court dismisses all claims not raised in Plaintiff's original Complaint, which include Counts 6-7, 10-21. (*Compare* Doc. 1 at 3 *with* Doc. 41 at 24-45.) The remaining claims include Counts 1-5 (Civil Rights Violations), Count 8 (Americans with Disabilities Act Violations), and Count 9 (Fraud Upon the Court). (Doc. 41 at 24-34.)

### 1.    Counts 1-5: Civil Rights Violations

The first five counts in Plaintiff's Amended Complaint allege civil rights violations and are brought pursuant to 42 U.S.C. §§ 1983, 1985. (Doc. 41 at 24-30.) Counts 1 and 5 allege Defendants conspired to interfere with Plaintiff's civil rights. (*Id.*) Count 4 alleges Defendants failed to intervene to prevent their subordinate's constitutional violations. (*Id.* at 28-29.) Counts 2 and 3 allege constitutional violations: Equal Protection and Substantive Due Process, respectively. (*Id.* at 25-27.) Because Sections 1983 and 1985(3) supply no

substantive rights themselves, Plaintiff's ability to maintain any of her civil rights claims depends on the veracity of Counts 2 and 3, the only claims that allege underlying constitutional violations. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012) (stating "there must always be an underlying constitutional violation" for a section 1983 violation); *Dunbar v. City of Riverside*, No. EDCV 13-847-JGB (SPx) (citing *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979) ("[C]onspiracy under 42 U.S.C. § 1985 . . . requires an underlying constitutional claim.").

### i.      Equal Protection

Count 2 alleges that "Defendants and its code enforcement officials have engaged in **selective enforcement** of laws and ordinances against Plaintiff[] while refusing to enforce the same laws against the Mroczkowskas." (Doc. 41 at 25 (emphasis in original).) Plaintiff alleges that she is "a 'class of one' who ha[s] been intentionally treated differently from others similarly situated without any rational basis." (*Id.* at 26.) Plaintiff alleges the municipal defendants cited Plaintiff's son for "minor violations," ignored Plaintiff's 911 calls, and harassed Plaintiff regarding a "paint color." (*Id.*) At the same time, Plaintiff alleges the municipal defendants ignored the Mroczkowska defendants' felony trespass, responded to the Mroczkowskas' complaints, and allowed "the Mroczkowskas to maintain an illegal structure." (*Id.*)

The Amended Complaint does not clearly describe the Mroczkowska defendants' role. Plaintiff alleges Grazyna Mroczkowska is "the original title holder," Miroslaw Mroczkowska is her son, and Marta Mroczkowska is her daughter-in-law. (*Id.* at 9.) From what the Court can discern, the Mroczkowska defendants are Plaintiff's neighbors who applied for and constructed a driveway extension that Plaintiff now takes issue with. Plaintiff alleges that Miroslaw retitled the deed of the house to himself via a "refinancing scheme [that] used fraudulently obtained equity based on the illegal driveway improvement." (*Id.* at 10.) A purportedly fraudulent application for the driveway extension was then sent to Plaintiff's and the Mroczkowska defendants' home owners' association and management company. (*Id.* at 10-11.)

To state a claim under a "class of one" theory, a plaintiff must allege facts showing he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "At minimum, this means alleging that the same ordinance was enforced against [Plaintiff] but not [the Mroczkowskas] for the same conduct." *Barroca v. Hayward Area Recreation and Parks District*, No. 25-cv-00440-EMC, 2026 WL 497399, at *7 (Feb. 23, 2026).

The Amended Complaint does not adequately allege that Plaintiff and the Mroczkowska defendants were similarly situated. Plaintiff identifies the Mroczkowska defendants as the comparators but alleges no facts establishing that they were subject to the *same* ordinance. That the Mroczkowska defendants were title holders of adjacent property does not render them similarly situated "in all relevant respects." *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). The Amended Complaint alleges the municipal defendants enforced ordinances against Plaintiff relating to a paint color and unspecified "minor violations," while declining to enforce ordinances related to a driveway extension and an illegal structure. (Doc. 41 at 26.) It is not sufficient to allege that the municipal defendants "enforced certain ordinances against Plaintiff while failing to enforce *different* ordinances against other[s] does not satisfy the similarly situated requirement." *Barroca*, 2026 WL 497399, at *7. In short, Plaintiff fails to provide a common baseline upon which the Court can analyze differential treatment. Because Plaintiff does not adequately allege that the Mroczkowska defendants are similarly situated, her equal protection claim fails.

### ii.      Substantive Due Process

Plaintiff alleges "Defendants' conduct violates Plaintiffs' fundamental right to **property ownership** and **bodily integrity** protected by the Due Process Clause." (Doc. 41 at 26 (emphasis in original).) With respect to her right to property ownership, Plaintiff alleges Defendants "allowed neighbors to encroach on Plaintiffs' setback," "refused to abate a public nuisance," and "created a cloud on Plaintiffs' title." (*Id.* at 28 (cleaned up).) With respect to her right to bodily integrity, Plaintiff alleges Defendants "allowed the

obstruction of a fire hydrant," "refused to enforce fire codes," and "put Plaintiff at risk of fire-related injury or death." (*Id.* (cleaned up).)

Based on what the Court can tell, Plaintiff is attempting to litigate a zoning dispute, as much of her allegations center around a fire hydrant and driveway extension. "In zoning dispute cases, the principle of substantive due process assures property owners of the right to be free from arbitrary or irrational zoning actions." *Arroyo Vista Partners v. Cty. of Santa Barbara*, 732 F.Supp. 1046, 1053 (C.D. Cal. 1990). To establish a violation of substantive due process, Plaintiff must prove that the defendants' actions were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989), *cert denied by Doody v. Sinaloa Lake Owners Ass'n, Inc.*, 494 U.S. 1016 (1990). The property interests protected by the Due Process Clause are defined by state law. *Ruckelhaus v. Monsanto Co.*, 467 U.S. 986, 1001 (1984). Under Arizona law, "[a] property owner has no right to either the continuing existence of zoning or to a future change in zoning." *Fidelity Nat. Title Ins. Co. v. Pima Cty.*, 171 Ariz. 427, 429 (App. 1992). To the extent Plaintiff attempts to challenge Defendants' zoning decisions, her claims under the Due Process Clause fail.

The balance of Plaintiff's allegations are aimed at the government's purported failure to regulate her neighbors. Those allegations are improperly brought under the Due Process Clause. "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). The Due Process Clause "is a limitation on state action and is not a 'guarantee of certain minimal levels of safety and security.'" *Maritnez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019).

The "state-created danger" exception is an exception to the general rule that the Due Process Clause may not be invoked based on a government's failure to regulate private actors. *Id.* Plaintiff invokes that exception under her claimed right to "bodily integrity," as

she describes that right as "includ[ing] freedom from government-created danger." (Doc. 41 at 28.) The Court will therefore assess this claim under the "state-created danger" exception. That exception subjects the government to liability when it "affirmatively places" a plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger." *Martinez*, 943 F.3d at 1271. To prevail, Plaintiff must demonstrate that (1) she was exposed to an actual, particularized danger that she would not otherwise have faced, (2) she suffered a foreseeable injury, and (3) the government was deliberately indifferent to the known danger. *Id.* Plaintiff merely asserts that "Defendants have created a dangerous condition," (Doc. 41 at 28), but she does not allege that she suffered an injury. The "state-created danger" exception does not apply, so Plaintiff's claim that Defendants infringed her right to bodily integrity may not be brought under the Due Process Clause.

Plaintiff does not assert a colorable substantive due process claim, and as explained above, she does not maintain a claim under the Equal Protection Clause. She therefore fails to assert an underlying constitutional violation, a necessary element of all her claims brought under 42 U.S.C. §§ 1983, 1985. Counts 1 through 5 of the Amended Complaint do not state cognizable claims.

### 2.    Count 8: Americans with Disabilities Act

Plaintiff brings a claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12132. (Doc. 41 at 32-33.) She claims, "Defendants City of Surprise and MSCO" have "denied Plaintiff the benefits of their services, programs, and activities by: (a) refusing to provide police protection; (b) refusing to enforce fire codes, (c) creating barriers to accessing city services, and (d) discriminating in emergency response." (*Id.* (cleaned up).) She takes specific issue with "[t]he City's refusal to abate he fire hydrant obstruction," which puts her "at greater risk in a fire emergency." (*Id.* at 33.)

Title II of the Americans with Disabilities Act provides that:

No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. "To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Plaintiff does not allege that any discriminatory action was taken because of her disability, so she fails to state a cognizable claim under the ADA.

### 3.      Count 9: Fraud Upon the Court

Plaintiff alleges a claim for fraud upon the court, arguing that Defendants "have committed fraud upon the Maricopa County Superior Court and this Court by: (a) concealing the fraudulent 2015 application; (b) presenting falsified documents to the court; (c) orchestrating a sham arbitration; (d) making false statements to judges; and (e) suborning perjury." (Doc. 41 at 33 (cleaned up).) Plaintiff then alleges that Defendants "induced the court to accept jurisdiction based on falsified documents," "corrupted the arbitration process," and "presented false evidence to multiple judges." (*Id.* at 33-34 (cleaned up).)

"[F]raud upon the court includes both attempts to subvert the integrity of the court and fraud by an officer of the court." *In re Intermagnetics America, Inc.*, 926 F.2d 912, 916 (9th Cir. 1991). The Court should base its analysis "not so much in terms of whether the alleged fraud prejudiced the opposing party but more in terms of whether the alleged fraud harms the integrity of the judicial process." *Id.* at 917.

Importantly, fraud upon the court "is a theory pursuant to which a party may seek relief from a judgment or court order induced on the basis of the opposing party's fraud." *Coultas v. Payne*, No. 3:11-cv-00045-AC, 2016 WL 740421, at *4 (D. Or. Feb. 24, 2016). In certain circumstances, this can apply to state court judgments. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). Plaintiff does not reference or request relief from a court order or judgment, so she fails to state a cognizable claim for fraud on the court. *See Edwards v. Edwards*, CV 23-00552, 2023 WL 3010158, at *4 (C.D. Cal. Apr. 19, 2023)

(finding that the plaintiff failed to state a claim for fraud on the court because the plaintiff "[did] not request relief from a state court order or judgment.").

## III.   MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

On March 18, 2026, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 42). To prevail on such a motion, a plaintiff must demonstrate, among other things, that they are likely to succeed on the merits of their claims. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (holding that the standard for a temporary restraining order is the same as that for a preliminary injunction). As stated above, the Court has determined that Plaintiff has not stated any colorable claim, so the Court finds that Plaintiff is not likely to succeed on the merits of her claims. Plaintiff has not demonstrated that she is entitled to relief under *Winter*, so the Court must deny her motion (Doc. 42).

## IV.   CONCLUSION

While the Court appreciates Plaintiff is proceeding *pro se* and construes Plaintiff's complaint liberally, the Court must dismiss all of Plaintiff's claims. They do not satisfy the pleading standards under Federal Rule of Civil Procedure 8. Because the Court has already afforded Plaintiff an opportunity to cure the defects in her complaint, and Plaintiff does not request leave to amend her complaint again, the Court will dismiss Plaintiff's Amended Complaint (Doc. 41) without prejudice. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 42) is **DENIED**.

**IT IS FURTHER ORDERED** dismissing Plaintiff's Amended Complaint (Doc. 41) without prejudice.

- 12 -

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to dismiss this action and close this case.

Dated this 14th day of April, 2026.

Michael T. Liburdi
United States District Judge